**No. 60809.**—Louis Josephson, as surviving partner of Kobe Import Co. *v.* United States, petition 7211–R (New York).

DONLON, Judge: This is a petition for remission of additional duties assessed under section 489 of the Tariff Act of 1930. As in all such proceedings, petitioner has the burden of showing, by satisfactory proofs, that the entry undervaluation, which gave rise to section 489 assessment, was without intention to defraud the revenues, or to conceal or misrepresent the facts, or to deceive the appraiser as to the value of the entered merchandise. Section 489, *supra.*

Proofs before us fall into two categories.

The sole surviving partner of the petitioner firm, one Louis Josephson, has testified both that he had no such intention and that he had nothing to do with the entries (R. 14). He was in China at the time. The merchandise was entered in New York by his brother and partner, Ralph Josephson, and by a customs broker. Both Ralph Josephson and the customs broker are now dead.

In addition to the testimony of Louis Josephson, petitioner moved the incorporation, in this proceeding, of the record in the appeal for reappraisement of this merchandise. There being no objection by defendant, the record in *Kobe Import Co.* v. *United States*, 42 C. C. P. A. (Customs) 194, C. A. D. 593, was incorporated herein (R. 5).

The merchandise consists of chatons (rhinestones) that were imported from China under nine entries, covering a period of about 9 months between April 1941 and January 1942.

The testimony of Louis Josephson is not enough to meet the petitioner's burden of proof. *United States* v. *W. J. Westerfield*, 40 C. C. P. A. (Customs) 115, C. A. D. 507. He concedes that he had no part in the making of the undervalued entries. Those who made the entries, and who could testify as to their intention in so doing, are unavailable. Their intention must, therefore, be shown by other proofs than their own testimony in this proceeding.

To meet this burden of proof, petitioner moved the incorporation of the reappraisement record, in which there was considerable testimony by Ralph Josephson. *Kobe Import Co.* v. *United States, supra.* We are of opinion that the incorporated record does not support petitioner's case.

We are cognizant of the difficulties which the outbreak and spread of World War II created for those who buy and sell in world markets. In the period when these chatons were being imported, China had become a source of supply of European-produced merchandise which United States buyers could not then import directly from the European sources. This created certain problems of proof as to dutiable values, and there were opportunities for the entry of such merchandise at undervalued prices.

It is not necessary for us to consider whether or not this merchandise was undervalued on entry. The appraiser valued it above the entered values and, on appeal, it was held that the importer had not overcome the presumption of correctness that attaches to the appraised valuation. The amount of undervaluation on entry was sufficient to give rise to liability for additional duties that were assessed under section 489. Now, petitioner seeks to recover those additional duties and may do so only by adducing the proofs the statute requires.

This the petitioner has not done. Indeed, the incorporated record shows there were two quoted prices for this merchandise, and entry was made at the lower (incorporated record, pp. 33, 35). There are some generally unsatisfactory explanations of this double-price method of doing business. It is not convincing of good faith, either that it was motivated by a desire to edge up profits to the prejudice of coadventurers, or that there was an unfulfilled expectation of correcting *pro forma* invoice prices with consular invoice prices. There is no satisfactory explanation, in the face of this kind of conduct, as to why petitioner did not furnish further information as to dutiable values, as the appraiser requested (R. 35). The blunt fact is that petitioner did not cooperate with the appraiser; that petitioner actually withheld information as to other values than the prices at which the merchandise was entered (R. 48); and that this is not such a showing as meets petitioner's burden of proof.

The relief sought by the petition is denied. Judgment will be entered for respondent.